John Edwln MOSLEY, James Harold Mosley, d/b/a Harold Auto Parts, and Ray Kelly, Appellants, v. Edwin T. SNIDER, Appellee.

No. 10369.

Circuit Court of Appeals, Sixth Circuit.

Feb. 12, 1947.

Robert E. Hogan of Louisville, Ky., for appellants.

Farnsley, Hottell & Stephenson, of Louisville, Ky., for appellee.

Before SIMONS, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

This appeal having been considered by the Court on the record, briefs, and oral arguments of attorneys for the respective parties, and

It appearing that the verdict of the jury to the effect that the appellant Ray Kelly was the agent or ostensible agent of the co-appellants John Edwin Mosley and James Harold Mosley, and that the sale by him of the automobile in question was in excess of the OPA ceiling price as alleged by the appellee, is supported by substantial evidence, and

It further appearing that the rulings and conclusions of law of the District Judge are not erroneous as a matter of law; see United States v. Arrow Packing Corp., 2 Cir., 153 Fed.2d 669; Middleton v. Francis, 257 Ky. 42, 77 S.W.2d 425; American Nat. Red Cross v. Brandeis Machinery & Supply Co., 286 Ky. 665, 151 S.W.2d 445; Philadelphia & Reading R. R. Co. v. Derby, 14 How. 468, 486, 14 L.Ed. 502; Kentucky Macaroni Co. v. London & Provincial Marine & General Ins. Co., 6 Cir., 83 F.2d 126, 129; Secs. 27 and 231 Restatement of the Law, Agency.

It is ordered that the judgment of the District Court be and is affirmed.

NATIONAL LABOR RELATIONS BOARD, Petitioner, v. The J. L. HUDSON COMPANY, Respondent.

No. 10336.

Circuit Court of Appeals, Sixth Circuit.

Feb. 10, 1947.

Writ of Certiorari Denied June 16, 1947.

See 67 S.Ct. 1732.

David A. Morse, of Washington, D. C., for petitioner.

Beaumont, Smith and Harris, of Detroit, Mich., for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that there is substantial evidence that the respondent engaged in the unfair labor practices charged and found by the National Labor Relations Board to exist;

And it appearing that the Board did not act arbitrarily in deciding that passenger elevator operators and starters at respondent's retail department store in Detroit, Michigan, excluding freight elevator operators and certain supervisory employees, constitute a unit appropriate for purposes of collective bargaining; Cf. National Labor Relations Board v. West Kentucky Coal Co., 6 Cir., 152 Fed.2d 198, 202;

And it appearing that the cease and desist order issued by the Board on May 15, 1946, is valid and proper:

It is ordered that a decree of enforcement issue as prayed in the petition.